**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
CIVIL ACTION NO. 5:19-CV-041-FDW-DCK**

| | |
|---|---|
| DANIEL DANFORD and HARRY HOUTMAN, ) ) ) | |
| Plaintiffs, ) ) | |
| v. ) ) | **ORDER** |
| LOWE'S HOME CENTERS, LLC, and LOWE'S COMPANIES INC., ) ) ) ) | |
| Defendants. ) ) | |

**THIS MATTER IS BEFORE THE COURT** on Plaintiffs' "Unopposed Motion For Leave To File Amended Complaint" (Document No. 15) filed May 29, 2019. This motion has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b), and immediate review is appropriate. Having carefully considered the motion, the record, and applicable authority, the undersigned will <u>grant</u> the motion.

Federal Rule of Civil Procedure 15 applies to the amendment of pleadings and allows a party to amend once as a matter of course within 21 days after serving, or "if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." Fed.R.Civ.P. 15(a)(1). Rule 15 further provides:

> **(2) Other Amendments.** In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires.

Fed.R.Civ.P. 15(a)(2).

Under Rule 15, a "motion to amend should be denied only where it would be prejudicial, there has been bad faith, or the amendment would be futile."  Nourison Rug Corporation v. Parvizian, 535 F.3d 295, 298 (4th Cir. 2008) (citing HCMF Corp. v. Allen, 238 F.3d 273, 276-77 (4th Cir. 2001));  see also, Foman v. Davis, 371 U.S. 178, 182 (1962).  However, "the grant or denial of an opportunity to amend is within the discretion of the District Court."  Pittston Co. v. U.S., 199 F.3d 694, 705 (4th Cir. 1999) (quoting Foman, 371 U.S. at 182).

It appears that there has been no initial attorney's conference and that no discovery has taken place thus far.  Furthermore, the undersigned is not persuaded that there is sufficient evidence of prejudice, bad faith, or futility to support the denial of the instant motion.  Plaintiffs report that "Defendants' counsel does not consent to the motion but will not file an opposition." (Document No. 15, p.2).  After careful consideration of the record and the motion, the undersigned finds that Plaintiffs' motion to amend should be granted.

**IT IS, THEREFORE, ORDERED** that Plaintiffs' "Unopposed Motion For Leave To File Amended Complaint" (Document No. 15) is **GRANTED**.  Plaintiffs may file an Amended Complaint on or before **May 31, 2019**.[1]

**SO ORDERED.**

Signed: May 29, 2019

David C. Keesler
United States Magistrate Judge

---

[1] The "Administrative Procedures Governing Filing and Service by Electronic Means," revised January 1, 2018, at Part II, Section A, Paragraph 8, provide that: "If filing a document requires leave of the Court, such as an amended complaint, the attorney shall attach the proposed document as an exhibit to the motion according to the procedures in IV.  If the Court grants the motion, the filer will be responsible for electronically filing the document on the case docket."