IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
CIVIL ACTION NO. 5:19-CV-041-KDB-DCK

| | |
|---|---|
| DANIEL DANFORD, individually, and on behalf of all other similarly situated individuals, | ) ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) ) |
| LOWE'S HOME CENTERS, LLC and LOWE'S COMPANIES INC., | ) ) ) |
| Defendants. | ) ) ) |

MEMORANDUM AND RECOMMENDATION

**THIS MATTER IS BEFORE THE COURT** on "Defendants' Partial Motion To Dismiss Plaintiffs' First Amended Collective And Class Action Complaint" (Document No. 27) filed July 3, 2019. This motion has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. §636(b) and is ripe for disposition. Having carefully considered the motion and the record, the undersigned will respectfully recommend that the motion be <u>denied as moot</u>.

By the pending motion to dismiss, Defendants seek dismissal of Counts II, III, IV, and V of Plaintiffs "First Amended Collective And Class Action And Jury Demand" (Document No. 17) (the "Amended Complaint") because Plaintiff Harry Houtman "is subject to an arbitration agreement and cannot litigate these claims." (Document No. 27, p. 1). The parties then filed a "Joint Motion For Stipulation Of Dismissal" (Document No. 38) on July 25, 2019, in which they stated that they

> stipulate to and request this Court order the dismissal of: (1) named Plaintiff Houtman, without prejudice, and (2) Counts II, III, IV, and V of the First Amended Complaint, with prejudice (ECF No. 17) in the above-captioned matter, but without prejudice to Plaintiff Houtman's rights to reassert such claims in arbitration.

(Document No. 38, p. 1).

On August 2, 2019, the Honorable Kenneth D. Bell issued an "Order" (Document No. 40) granting Defendants' "Motion To Compel Arbitration Of Plaintiff Harry Houtman's Claims And To Dismiss Or, In The Alternative, Stay Proceedings Pending Arbitration" (Document No. 29) and granting the parties' "Joint Motion For Stipulation Of Dismissal" (Document No. 38). Judge Bell directed that Plaintiff Harry Houtman and Counts II, III, IV, and V of the Amended Complaint be dismissed. (Document No. 40).

Based on this record, including the parties' joint stipulations and Judge Bell's Order, the undersigned finds that "Defendants' Partial Motion To Dismiss…" should be denied as moot.

**FOR THE FOREGOING REASONS**, the undersigned respectfully recommends that "Defendants' Partial Motion To Dismiss Plaintiffs' First Amended Collective And Class Action Complaint" (Document No. 27) be **DENIED AS MOOT**.

## TIME FOR OBJECTIONS

The parties are hereby advised that pursuant to 28 U.S.C. § 636(b)(1)(C), and Rule 72 of the Federal Rules of Civil Procedure, written objections to the proposed findings of fact, conclusions of law, and recommendation contained herein may be filed within **fourteen (14) days** of service of same. Responses to objections may be filed within fourteen (14) days after service of the objections. Fed.R.Civ.P. 72(b)(2). Failure to file objections to this Memorandum and Recommendation with the District Court constitutes a waiver of the right to *de novo* review by the District Court. Diamond v. Colonial Life, 416 F.3d 310, 315-16 (4th Cir. 2005); United States v. Benton, 523 F.3d 424, 428 (4th Cir. 2008). Moreover, failure to file timely objections will preclude the parties from raising such objections on appeal. Id. "In order 'to preserve for appeal an issue in a magistrate judge's report, a party must object to the finding or recommendation on that issue

with sufficient specificity so as reasonably to alert the district court of the true ground for the objection.'" Martin v. Duffy, 858 F.3d 239, 245 (4th Cir. 2017) (quoting United States v. Midgette, 478 F.3d 616, 622 (4th Cir. 2007)).

**IT IS SO RECOMMENDED**.

Signed: August 14, 2019

David C. Keesler
United States Magistrate Judge