# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# STATESVILLE DIVISION
# CIVIL ACTION NO. 5:19-CV-041-KDB-DCK

| | |
|---|---|
| **DANIEL DANFORD**, individually and on behalf of all other similarly situated individuals, <br><br> Plaintiffs, <br><br> v. <br><br> **LOWE'S COMPANIES, INC.** and **LOWE'S HOME CENTERS, LLC,** <br><br> Defendants. | **CONSENT PROTECTIVE ORDER** |

Plaintiff Daniel Danford and the opt-in plaintiffs (together, the "Plaintiffs") and Defendants Lowe's Companies, Inc. and Lowe's Home Centers, LLC (together, "Lowe's") have stipulated and requested that the Court enter a protective order pursuant to Fed. R. Civ. P. 26(c), to ensure and maintain the confidentiality of certain records and materials Plaintiffs and Lowe's produce in response to pretrial discovery requests.

## Need for Protective Order

Danford has asserted claims on behalf of himself and other similarly situated individuals pursuant to the Fair Labor Standards Act ("FLSA"), North Carolina Wage and Hour Act ("NCWHA"), and North Carolina state law alleging certain wage payment violations. (ECF No. 17). This Court conditionally certified this litigation as a collective action. (ECF No. 50). Lowe's denies the material allegations made by Danford and the opt-in plaintiffs in this action, and denies that the claims in this litigation should be certified as a collective or class action.

Because of the nature of the factual issues involved in this case, the parties anticipate that the discovery in this litigation will include production and disclosure by the parties and by third

1

parties of information that may be confidential or proprietary including, without limitation, financial information, tax information, personnel information, and employment records. Accordingly, the parties believe that entry of this Consent Protective Order is in the interest of all parties and in the interest of the fair and efficient administration of justice.

**THEREFORE, IT IS ORDERED:**

**Confidential Information**

1. Pursuant to Rule 26(c), the parties may designate documents, information, and other materials as "Confidential." All documents, information, and other materials marked as "Confidential" shall be entitled to the protections provided in this Order.

2. "Confidential Information" shall mean any type or classification of information which is designated as "Confidential" in the manner specified below, in the good faith belief that such information falls within the scope of Rule 26(c) and is subject to this Order. For purposes of this Order, "Confidential Information" means proprietary, business, commercial, financial, tax, and personal information, including, but not limited to, employee personnel files, pay information, medical records, customer or client information, corporate policies and procedures, employee training materials, trade secrets, business information as to which disclosure would pose a threat of competitive injury to Lowe's, and other competitively sensitive materials. "Confidential Information" may include documents, information contained in documents, depositions, interrogatory answers, and other information furnished by or on behalf of any party in connection with this litigation that falls within the scope of this Order.

**Designation of Confidential Information**

3. Any party producing documents may designate such documents and copies thereof as Confidential by marking any page as follows: CONFIDENTIAL.

4. Information disclosed at the deposition of any party or at the deposition of one of Lowe's present or former officers, directors, employees or agents, or of independent experts retained by any party for purposes of this litigation, may be designated by such party as Confidential by indicating on the record at the deposition that the testimony is confidential and subject to the provisions of this Order. Alternatively, such party may designate information disclosed at such deposition as Confidential by notifying all parties in writing, within ten (10) business days of receipt of the transcript, of the specific pages and lines of the transcript which are Confidential.

5. Either Plaintiffs or Lowe's shall have the right to designate as Confidential materials produced or disclosed by the other.

6. In the event that any party disagrees with any Confidential designation, that party shall send a written notice to opposing counsel specifying the designation in question and the basis for the objection. The designating party shall then have five (5) business days after receipt of a challenge notice to advise the receiving party whether or not it will change the designation. If the parties are unable to reach an agreement after the expiration of this five (5) business day timeframe, the challenging party shall then have seven (7) business days to seek resolution by the Court. Until any dispute under this paragraph is ruled upon by the Court, the designation shall remain in full force and effect and the information shall continue to be accorded the confidential treatment required by this Order.

## Use of Confidential Information

7. Confidential Information shall be used only for the purpose of these proceedings and shall not be disclosed to any person except the following:

    (a) Named Plaintiffs;

(b) The author(s) or recipient(s) of the document;

(c) Counsel for any party, the legal associates, and clerical or other support staff of such counsel assisting in the preparation of this action, and any party, to the extent necessary to prepare this case for this litigation;

(d) Employees of such counsel assigned to and necessary to assist in the litigation;

(e) Any persons requested by counsel to furnish services for the present litigation such as document coding, image scanning, mock trial, jury profiling, translation services, court reporting services, demonstrative exhibit preparation, class notification services (if notice is authorized by the Court), or the creation of any computer database from documents;

(f) Independent experts or consultants (who shall not be a party or an employee of a party) employed by counsel for the purpose of assisting in this action;

(g) A witness who is either the producing party or an employee of the producing party or a former or current employee of the producing party, as is necessary to prepare this case for litigation, and, the court reporter and courtroom personnel at any deposition, pretrial hearing, trial, appeal or other proceedings held in connection with this action;

(h) Any court, including this Court, or appellate body which has cause to consider any of the issues raised in this action;

(i) Jurors and prospective jurors; and

(j) Or any other person or entity to whom this Court orders or allows disclosure after notice and opportunity for hearing.

8. No person to whom Confidential Information is disclosed shall disclose such Confidential Information to any person to whom disclosure is not authorized by the terms of this Order, or make any other disclosure or use of such Confidential Information for any purpose whatsoever, commercial or otherwise. In addition to the other restrictions on disclosure contained herein and with the exception of the individuals in Paragraph 5(h) and (i), the parties agree that no Confidential Information may be disclosed to any person (including any consultant, expert or employee of any party) until such person has read and signed a copy of **Exhibit A** to this Order, thereby indicating his or her willingness to be bound by its provisions. The disclosing party shall have the obligation to maintain records identifying all such persons to whom information has been disclosed.

**Sealed Filings**

9. Documents, things, and information, including portions of any transcript, shall not be filed under seal without a Court order to do so. Any party seeking such an order shall comply with the Electronic Case Filing Administrative Policies and Procedure Manual. See Local Rule 6.1.

**Inadvertent Production**

10. When a producing party gives notice to receiving parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the receiving parties are those set forth in Fed. R. Civ. P. 26(b)(5)(B). The production of privileged or work-product protected information, whether inadvertent or otherwise, is not a waiver of the privilege or protection from pre-discovery potential early resolution efforts or discovery in this case or in any other federal or state proceeding. A party, upon determining that privileged or work-product protected documents or ESI have been produced, shall act as follows:

(a) if the producing party, it shall give the receiving party prompt written notice, whereupon the receiving party shall promptly return or destroy all produced copies of the documents or ESI at issue; and

(b) if the receiving party, it shall promptly return or destroy all produced copies of the documents or ESI at issue and promptly provide written notice to the disclosing party.

The return of any inadvertently disclosed privileged materials shall not prejudice the rights of any party or third party to contest an assertion of the attorney-client privilege, work product doctrine, or other privileges with the Court. If the claim of privilege or work-product protection is disputed, the receiving party agrees to refrain from further examination or use of the potentially privileged or work-product protected information until the dispute is resolved. The parties shall use reasonable efforts to resolve the dispute in good faith without judicial intervention.

### **General Provisions**

11. Nothing in this Order constitutes an admission by any party that Confidential Information disclosed in this case is relevant or admissible. Each party specifically reserves the right to object to the use or admissibility of all Confidential Information disclosed, in accordance with applicable law.

12. At the conclusion of the litigation, the parties agree to return or destroy promptly (and in no event later than thirty (30) days after entry of a final judgment no longer subject to further appeal) any Confidential Information to the party providing the Confidential Information except transcriptions of depositions taken in the course of this proceeding.

13. The ultimate disposition of protected materials shall be subject to final order of the Court.

14. This Order shall not abrogate or diminish any contractual, statutory or other legal obligation or right of any party or person with respect to the Confidential Information. Specifically, this Order shall not require any party to notify or to obtain permission from other parties before introducing materials designated confidential at trial or examining witnesses about materials designated confidential during depositions or at trial, beyond the notice required by the Federal Rules of Civil Procedure, local court rules or order of Court.

15. Nothing in the foregoing provisions of this Order shall be deemed to preclude any party from seeking and obtaining, on an appropriate showing, such additional protection with respect to Confidential Information as that party may consider appropriate, including, but not limited to, moving that certain materials be filed under seal; nor shall any party be precluded from claiming that any matter designated hereunder is not entitled to protection, or is entitled to a more limited form of protection than designated.

Signed: December 11, 2019

David C. Keesler
United States Magistrate Judge

# EXHIBIT A

## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
## STATESVILLE DIVISION
## Civil Action No. 5:19-cv-0041-KDB-DCK

| | |
|---|---|
| **DANIEL DANFORD**, individually and on behalf of all other similarly situated individuals, ) ) ) ) **Plaintiffs,** ) ) v. ) ) **LOWE'S COMPANIES, INC.** and **LOWE'S HOME CENTERS, LLC,** ) ) ) **Defendants.** ) | **DECLARATION** |

    1.    My name is _____. I have personal knowledge of the facts set forth in this Declaration, and if called and sworn as a witness, I would testify competently to those facts.

    2.    I am aware that a Consent Protective Order ("Protective Order") has been entered in the case of *Danford v. Lowe's Companies, Inc. and Lowe's Home Centers, LLC*, in the United States District Court, Western District of North Carolina. A copy of that Protective Order has been given to me. I have carefully reviewed its terms and conditions.

    3.    I agree that documents, information, testimony, and tangible things designated as "Confidential" shall be subject to the terms of the Protective Order and agree to comply with and be bound by the terms of the Protective Order.

    4.    Without limiting the foregoing, I agree that I will not disclose or discuss any documents, information, testimony, and tangible things designated "Confidential" except as allowed by the Protective Order.

5. I agree to use any documents, information, testimony, and tangible things designated "Confidential" solely in connection with participation in this action and for no other purpose.

6. I am aware that contempt sanctions may be entered against me for violation of the Protective Order.

7. I declare under penalty of perjury under the laws of the United States of America that the foregoing declaration is true and correct.

Executed this _____ day of _____, 2020.

_____